UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

TRAVIS HOWARD VIAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 11-112-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Travis Howard Viar is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Viar has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the filing fee. Having reviewed the petition[1], the Court will deny relief because Viar's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

On March 22, 2006, a jury found Viar guilty of conspiracy to possess more than 500 grams of methamphetamine with intent to distribute in violation of 21

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

U.S.C. § 846. On August 4, 2006, the court sentenced Viar to a 242 month term of incarceration to be followed by a five year term of supervised release. On April 17, 2008, the Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In doing so, it rejected Viar's arguments that the evidence was insufficient to convict him and that the trial court improperly applied a two-point enhancement for perjury. The trial court denied Viar's motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255 on December 6, 2010. *United States v. Viar*, No. 6:05-cr-6-NKM (W.D. Va. 2005), *aff'd*, No. 06-4845 (4th Cir. 2006).

In his petition[2], Viar contends that the inculpatory evidence of his drug dealing activities came from individuals who had cooperated with the government by offering testimony against him in order to avoid prosecution for their own illegal activities and was not specific regarding the drug quantity involved. [R. 1 at 4-13] Viar argues that his counsel's challenge to the sufficiency of the evidence used to convict him was constitutionally ineffective; the trial court's two-point enhancement for perjury was improper; his appellate counsel was constitutionally ineffective; the evidence was insufficient to convict him of conspiracy; and the trial court improperly allowed witnesses to identify him in court. [R. 1 at 13-19, 20-27, 28, 28-35, and 35-38]

---

[2] Viar's current 2241 petition is nearly identical to the request he filed in the Fourth Circuit on September 1, 2011 for permission to file a second or successive 28 U.S.C. § 2255 motion. The Fourth Circuit denied that motion on September 21, 2011. *In re: Travis Viar*, No. 11-244 (4th Cir. 2011).

The Court will deny the petition because Viar may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under

pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

All of Viar's claims are predicated upon events which transpired during his trial or on direct appeal. They are thus matters which could and should have been, and in many cases actually were, asserted during his trial, direct appeal, or by motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not convict Viar of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

Each of Viar's claims fails to satisfy the requirements for application of the narrow exception provided by 28 U.S.C. § 2255(e). *See Mans v. Young*, 36 F. App'x

766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued under Section 2241's savings clause where petitioner failed to establish any intervening change in the law and had prior opportunity to pursue claim in prior Section 2255 motion); *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (challenge to sufficiency of evidence to support conspiracy conviction could be raised on appeal and under Section 2255, rendering relief under Section 2241 unavailable); *Posival v. Driver*, 207 F. App'x 365, 366 (5th Cir. 2006) (claims challenging sufficiency of sentencing enhancement and ineffective assistance of appellate counsel should be raised in a Section 2255 motion, and may not be pursued under the savings clause). Viar's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Viar's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 3rd day of January, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge